**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Skylar Hartwig,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>American Airlines Group Incorporated,<br><br>　　　　　Defendant. | No. CV-23-00696-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendant American Airlines, Inc.'s ("American") Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 17). Plaintiff filed a response (Doc. 18) and American filed a reply (Doc. 19). The Court has considered the filings and relevant case law and will grant in part and deny in part Defendant's Motion.

**I.    BACKGROUND**

Plaintiff is employed by American as a Customer Experience Escalation and Resolution Representative. (Doc. 13 at 2 ¶¶ 2–3.) Plaintiff works from an office in Tempe, Arizona and from his home. (*Id.* ¶ 4.) In this job, Plaintiff interacts with customers of American. (Doc. 18 at 2.) Plaintiff claims that Defendant has actively withheld payment for part of his workday—specifically for the time he spent logging into his computer and accessing required software prior to the start of his shift. (*Id.*) Plaintiff filed suit, alleging (1) violation of the Fair Labor Standards Act ("FLSA") for unpaid overtime; (2) violation of the FLSA for unpaid minimum wage; (3) violation of the Arizona Wage Act ("AWA"); and (4) violation of the Arizona Minimum Wage Act ("AMWA"). (Doc.13 at 9–12 ¶¶ 48–

71.)

Defendant moved to dismiss all claims. (Doc. 17.) Plaintiff agrees, in his response, that Counts II and IV should be dismissed. (Doc. 19 at 2 n.2.) Therefore, the Court will analyze Counts I and III.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## III. DISCUSSION

### A. FLSA Overtime

"The FLSA . . . was enacted 'to protect all covered workers from substandard wages

and oppressive working hours.'" *Adair v. City of Kirkland*, 185 F.3d 1055, 1059 (9th Cir. 1999) (quoting *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739, (1981)). "The FLSA's minimum wage and overtime provisions are central among the protections the Act affords to workers." *Id.* The overtime provisions have several exemptions—and the relevant exemption here is for "any employee of a carrier by air subject to the provisions of title II of the Railway Labor Act." 29 U.S.C. § 213(b)(3). Title II of the Railway Labor Act ("RLA") exempts from the FLSA overtime provision any "common carrier by air engaged in interstate or foreign commerce . . . and every air pilot or other person who performs any work as an employee or subordinate official of such carrier . . . ." 45 U.S.C. § 181.

American argues that because they are an air carrier subject to Title II of the RLA and Plaintiff is an employee, the FLSA's overtime provisions do not apply. (Doc. 17 at 3–6.) Plaintiff argues that not every employee of an air carrier subject to the RLA is exempt from the FLSA and determining whether the exemption applies requires an in-depth fact finding inquiry that precludes dismissal at this stage. (Doc. 18 at 3–4.) Notably, Plaintiff does not dispute that American is an air carrier subject to the provisions of the RLA. (*Id.*) The dispute is whether the exemption applies to Plaintiff.

The exemption seemingly applies to all employees simply by its plain language. The Eleventh Circuit has strictly interpreted the statute to apply to any employee of an air carrier subject to the RLA. *Valdivieso v. Atlas Air, Inc.*, 305 F.3d 1283, 1286–87 (11th Cir. 2002). However, many other courts have found that not only must the employer qualify as an air carrier subject to RLA, but the employee must do work related to the transportation activities of the employer. "[T]he Act 'was intended to apply only to transportation activities and that work which bears more than a tenuous, negligible and remote relationship to the transportation activities [of the employer].'" *Slavens v. Scenic Aviation, Inc.*, 221 F.3d 1353 (10th Cir. 2000) (quoting *Northwest Airlines, Inc. v. Jackson*, 185 F.2d 74, 77 (8th Cir.1950)); *see also Thibodeaux v. Exec. Jet Int'l*, 328 F.3d 742, 754 (5th Cir. 2003).

Plaintiff also argues that the Court should not consider the exemption at this time because it is premature and the factual record needs to be developed. *See Barrera v. US Airways Grp., Inc.*, No. CV-12-02278-PHX-ROS, 2013 WL 12172141, at *3 (D. Ariz. Mar. 19, 2013) (denying a motion to dismiss because the record was not developed and the facts in the complaint did not show the employee "plainly and unmistakably" fit in the exemption). American cites to many cases that have decided this issue on a motion to dismiss. *See, e.g.*, *Adams v. U.S. Airways, Inc.*, No. Civ 10-1088-PHX-DKD, 2011 WL 644089 (D. Ariz. Feb. 11, 2011); *Solis v. Am. Airlines, Inc.*, No. CV 19-10181 PSG (AFMx), 2021 WL 4893247 (C.D. Cal. July 27, 2021).

Here, Plaintiff has alleged that he is an employee of American and that he engages in customer relations by answering customer correspondence and addressing customer concerns. (Doc. 18 at 8.) Plaintiff further alleges that most of his work comes after customers have completed all their air transportation, that he is not required to ever be at the airport, and that he does not interact with the aircraft. (*Id.*) Notably, there are no allegations that Plaintiff does any other work unrelated to interaction with customers. (*See id.*)

The fact that the Plaintiff does not work at the airport does not preclude him from being an exempt employee. *See LaMoutte v. Spirit Airlines, Inc.*, No. 18-CV-61939, 2018 WL 6169626 (S.D. Fla. Nov. 26, 2018) (exemption applied to employee hired to perform e-mail marketing analysis); *Verrett v. SABRE Grp., Inc.*, 70 F. Supp. 2d 1277, 1279–83 (N.D. Okla. 1999) (exemption applied to affiliate company that provided passenger reservations, accounting, and other related functions to air carriers). These same cases also show that an employee does not have to interact with the aircraft to be exempt. *See Solis*, 2021 WL 4893247 (exemption applied to airport agent); *Kouchi v. Am. Airlines, Inc.*, No. CV 18-7802 PSG (AGRx), 2019 WL 3059409 (C.D. Cal. Apr. 9, 2019) (exemption applied to a flight services coordinator at the airport). Customer service is understood to be a job "traditionally performed by airline employees." *Signature Flight Support*, 32 N.M.B. 214, 215 (2005); *see also Worldwide Flight Servs., Inc.*, 31 N.M.B. 386, 395 (2004)

("Worldwide and its employees at Building 9, JFK, are subject to the RLA" including customer service employees who answer telephones). Therefore, the Court finds that, on the basis of the allegation in the FAC, Plaintiff is an employee subject to the RLA. There is nothing about the customer service work in question that has a tenuous, negligible and remote relationship to the transportation activities of American—i.e. serving their air travel customers.[1]

### B. Failure to Pay Wages

Arizona law requires an employer to pay its employees all wages due. Ariz. Rev. Stat. § 23-355. "'Wages' means nondiscretionary compensation due an employee in return for labor or services rendered by an employee for which the employee has a reasonable expectation to be paid whether determined by a time, task, piece, commission or other method of calculation." Ariz. Rev. Stat. § 23-350(7).

Defendant argues that Plaintiff cannot use the AWA to obtain unpaid wages under the FLSA because those claims are preempted. Defendant, in part, relies on this Court's ruling in *Salazar v. Driver Provider Phoenix LLC*, No. CV-19-05760-PHX-SMB, 2023 WL 167021 (D. Ariz. Jan. 12, 2023). In *Salazar*, this Court found that Plaintiffs could not seek relief under the AWA for overtime wages covered by the FLSA. 2023 WL 167021, at *2. However, the *Salazar* plaintiffs were allowed to proceed on straight time wage claims under the AWA. *Id.* at *3. Here, Plaintiff is seeking payment for uncompensated work that was required by Defendant prior to his shift starting. That claim is not preempted and will not be dismissed. *Finton v. Cleveland Indians Baseball Co. LLC*, No. CV-19-02319-PHX-MTL, 2021 WL 1610199, at *2 (D. Ariz. Apr. 26, 2021) (holding that the FLSA does not preempt unpaid hours asserted under the AWA that do not constitute overtime).

---

[1] Plaintiff also argues that the court must conduct a factual finding required by the Department of Labor. (Doc. 18 at 3.) This is known as the 80/20 analysis used to determine if the employee does a substantial amount of nonexempt work. However, the FAC only alleges that Plaintiff does customer service work interacting with customers and nothing else.

**IV.  LEAVE TO AMEND**

Federal Rule of Civil Procedure 15(a) requires that leave to amend be "freely give[n] when justice so requires."  Leave to amend should not be denied unless, "the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986).  Therefore, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (cleaned up).

The Court will grant Plaintiff leave to amend Count I.  This Count may be cured by the allegation of other facts.  Additionally, given the early stage of this litigation, allowing amendment of this Count will likely help clarify the claim.  Accordingly, the Court will grant Plaintiff leave to amend Count I.

**V.  CONCLUSION**

For the reasons discussed above,

**IT IS HEREBY ORDERED** granting in part and denying in part Defendant American Airlines, Inc. Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 17).  The Motion is granted as to Counts I, II and IV, which are each dismissed without prejudice.  The Motion is denied as to Count III.

**IT IS FURTHER ORDERED** granting Plaintiff leave to amend Count I.  If Plaintiff intends to file a second amended complaint, it must be filed no later than twenty (20) days after the date of this Order.

Dated this 8th day of February, 2024.

Honorable Susan M. Brnovich
United States District Judge